*Dicko v. Lynch*

BIA
Sichel, IJ
A079 578 639

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of July, two thousand fifteen.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

MOHAMEDOU DICKO,
> *Petitioner,*

v.                                          14-2081
                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Acting Assistant
                       Attorney General; Russell J.E.
                       Verby, Senior Litigation Counsel;
                       Julia J. Tyler, Trial Attorney,

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and in part DENIED.

Petitioner Mohamedou Dicko seeks review of a May 21, 2014, decision of the BIA affirming a September 22, 2011, decision of an Immigration Judge ("IJ") denying Dicko's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohamedou Dicko,* No. A079 578 639 (B.I.A. May 21, 2014), *aff'g* No. A079 578 639 (Immig. Ct. N.Y. City Sept. 22, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case we review the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 523 (2d Cir. 2007). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Dicko did not challenge the IJ's denial of CAT relief before the BIA, we lack jurisdiction to review the denial of

2

that relief.  8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

**Asylum**

An alien must demonstrate by clear and convincing evidence that his application for asylum was filed within one year of his arrival in the United States.  8 U.S.C. § 1158(a)(2)(B). However, an untimely filing may be excused if the applicant demonstrates "either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the [one-year] period."  8 U.S.C. § 1158(a)(2)(D).

We lack jurisdiction to review the agency's determination that an asylum application is untimely and does not warrant an exception to the filing deadline.  8 U.S.C. § 1158(a)(3). However, we retain jurisdiction to review "constitutional claims or questions of law."  8 U.S.C. § 1252(a)(2)(D).  Dicko argues that the agency erred in concluding that he did not establish extraordinary circumstances excusing the late filing of his application because his application was only two weeks late.  There is no exception to the filing deadline for

3

applications filed close to the deadline, and Dicko's argument in this regard does not raise a question of law. *See* 8 U.S.C. § 1158(a)(2)(B), (D), (3). Dicko also argues that the agency erred by not considering whether his late filing may be excused by 8 C.F.R. § 1208.4(a)(5)(iv), which states that "extraordinary circumstances" may include a situation in which an alien maintained a lawful non-immigrant status until a reasonable period before the filing of the asylum application. However, Dicko did not raise this argument either before the IJ or the BIA and as a result it is unexhausted. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20, 124 (2d Cir. 2007). Accordingly, we decline to consider it. For these reasons, we lack jurisdiction to review the agency's denial of Dicko's asylum application as untimely.

**<u>Withholding of Removal</u>**

The IJ denied Dicko's application for withholding of removal because she determined that he was not credible. She also concluded that he had not established his identity or his Mauritanian citizenship. Instead, she ordered him removed to Mali, the country of nationality listed on his record of admission into the United States and the country to which the

4

Government recommended removal. Dicko has not challenged, either before the agency or here, the designated country of removal. Further, he claims that he was persecuted, and will be persecuted in the future, in Mauritania. He raises no fear of persecution in Mali. Withholding of removal is country-specific: an alien will not be removed to a country where his life or freedom would be threatened. 8 U.S.C. § 1231(b)(3)(A). Here, Dicko does not claim that his life or freedom would be threatened in Mali. Accordingly, he has not met his burden of showing that removal to Mali should be withheld.

For the foregoing reasons, the petition for review is DISMISSED in part and in part DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5